

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00233-CR

---

ROBERT ARGARTHER HOARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6387, Honorable Dale A. Rabe Jr., Presiding

---

October 28, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Robert Argarther Hoard, appeals from the trial court's judgment adjudicating him guilty of possession of a controlled substance[1] and sentencing him to fifty years of confinement. Appellant's appointed counsel now moves to withdraw from the appeal. According to the motion, Appellant "wishes to raise points on appeal which

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116.

appellate counsel cannot ethically raise" and "has asked appellate counsel to withdraw, and an attorney outside the [Panhandle Area Public Defender's Office] to be appointed."

Because the trial court is responsible for appointing counsel to represent indigent defendants in criminal cases, as well as relieving or replacing appointed counsel, we abate the appeal and remand the cause to the trial court to rule on Appellant's motion to withdraw. *See* TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2). Upon remand, the trial court shall determine (1) whether Appellant still desires to prosecute the appeal; (2) whether to grant Appellant's counsel's motion to withdraw; and (3) if the motion to withdraw is granted, whether Appellant is indigent and entitled to appointment of new counsel.

If the trial court grants the motion to withdraw and appoints Appellant new counsel; the name, address, email address, phone number, and State Bar number of any newly appointed counsel shall be included in the court's findings. The trial court may also enter such orders necessary to address the aforementioned questions. The trial court's findings and any orders issued shall be included in a supplemental clerk's record to be filed with this Court by November 27, 2024.

All appellate deadlines, including Appellant's pending briefing deadline, are suspended until further order of this Court.

It is so ordered.

Per Curiam

Do not publish.